T.C. Memo. 2011-227

UNITED STATES TAX COURT

BERNARD J. WILLIAMS AND MARTHA WILLIAMS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27928-08.                    Filed September 22, 2011.

Bernard J. Williams and Martha Williams, pro sese.

<u>Karen J. Lapekas</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, <u>Judge</u>:  On August 18, 2008, the IRS issued a
notice of deficiency to Bernard J. Williams and Martha Williams.
The notice stated that the IRS had determined that for tax year
2006:  (1) the Williamses had a $99,099 deficiency in income tax,
and (2) the Williamses were liable for a $19,815.80 accuracy-
related penalty.  On November 15, 2008, the Williamses filed a

petition under Internal Revenue Code section 6213(a) challenging the IRS's determinations.[1] This Court has jurisdiction under section 6214 to redetermine the deficiency and the penalty determined in the notice of deficiency. There are three issues for decision:

(1) What is the amount of business-expense deductions allowable for Bernard Williams' Schedule C business of serving as an office manager for Southeast Capital Mortgage Co.? We hold that the amount is $6,790.

(2) Are the Williamses liable for additional self-employment tax as a result of adjustments to the income from the Schedule C business? We hold they are liable.

(3) Are the Williamses liable for the section 6662(a) penalty on inaccurate tax returns? We hold they are liable.

FINDINGS OF FACT

Some of the facts have been stipulated by Bernard Williams and the IRS. These stipulated facts are adopted by the Court.[2] Bernard and Martha Williams are married. They lived in Florida when they filed their petition.

---

[1]Unless otherwise indicated, references to sections are to the Internal Revenue Code, as amended, effective for the Williamses' 2006 tax year.

[2]Martha Williams did not sign the stipulation. Nor did she appear at trial.

Bernard Williams was self-employed as the "office manager" of the Miami Lakes branch of Southeast Capital Mortgage Co. He was paid on a commission basis. He claims he had to split each commission on a 50-50 basis with a loan officer. This claim is not supported by the evidence, as we explain below. Bernard Williams incurred other expenses as office manager. These expenses were not reimbursed.

According to the stipulation, Southeast Capital Mortgage Co. wrote checks totaling $119,439.84 to Bernard Williams during 2006. However, Southeast Capital Mortgage Co. reported to the IRS on an information return that it had paid Bernard Williams $324,128 of nonemployee compensation during 2006.

For 2006, the Williamses filed a joint federal income-tax return (Form 1040, U.S. Individual Income Tax Return). Included with the return was a Schedule C, Profit or Loss From Business, for a business referred to as "Southeast Capital Mortgage Co." This Schedule C reflected the income Bernard Williams earned as an office manager for Southeast Capital Mortgage Co.[3] The Schedule C reported gross receipts of $75,000. It also reported expenses of $73,065, which comprised:

- $37,500 of commission expenses (i.e., exactly one-half of the $75,000 in reported gross receipts);

---

[3]The Williamses filed a second Schedule C for another business, but the IRS did not challenge it.

- $15,575 of car-and-truck expenses;

- $13,200 of expenses for "Other business property"; and

- $6,790 of other expenses, which were composed of (1) $1,500 for legal-and-professional services, (2) $840 for office expenses, (3) $2,500 for supplies expenses, (4) $1,300 for travel expenses, and (5) $650 for deductible meals-and-entertainment expenses.

The profit was reported as $1,935, which is equal to $75,000 minus $73,065.

In the notice of deficiency, the IRS determined that:

- of the $73,065 in expenses reported on the Schedule C, $66,275 should be disallowed and $6,790 allowed;[4]

- the gross receipts reported on the Schedule C should be increased from $75,000 to $324,128;

- the Williamses had failed to report $73 of dividend income;

- the Williamses were liable for additional self-employment tax; and

- the Williamses were liable for the section 6662(a) penalty.

At trial, Bernard Williams and the IRS agreed that the correct amount of gross receipts attributable to the Schedule C

---

[4]The $6,790 comprised all the expenses reported on the Schedule C except the commission expenses, the car-and-truck expenses, and the expenses for "Other business property."

business was $119,439.84.  In a joint status report filed on February 5, 2010, the Williamses conceded that the IRS's $66,275 adjustment to Schedule C business expenses and its $73 adjustment to dividend income were correct.

## OPINION

One procedural matter requires attention before proceeding to the merits of this case.  When the case was called for trial, Martha Williams did not appear, nor was there any appearance on her behalf.  Bernard Williams did appear.  The IRS filed a motion to dismiss as to Martha Williams for lack of prosecution, and this motion was taken under advisement to be acted upon at the time the merits of the case were decided.  As Bernard Williams had no authority to represent his wife, and there was no other appearance by her or on her behalf, the motion to dismiss will be granted and decision will be entered against Martha Williams for a deficiency and a penalty in the same amounts as those ultimately determined against Bernard Williams.

1.    The Allowable Business-Expense Deductions for the "Southeast Capital Mortgage Co." Business Are $6,790.

On the Schedule C for the "Southeast Capital Mortgage Co." business, the Williamses claimed deductions for expenses of $73,065, an amount which included $37,500 of commission expenses. In the notice of deficiency, the IRS took the position that none of the commission expenses were deductible and that the total deductible Schedule C expenses for the business were $6,790.  On

November 12, 2009, the Court ordered the parties to file, on or before February 12, 2010, a report advising the Court of the status of the case and, "in particular, the progress made towards resolution, by settlement or otherwise, of the issues raised in this matter." Pursuant to that order, the Williamses and the IRS filed a joint status report on February 5, 2010. The report stated that the Williamses conceded that the IRS's adjustment to the Schedule C business-expense deductions was correct, which meant that they agreed that the allowable Schedule C business-expense deductions were only $6,790. The status report was signed by counsel for the IRS and by both of the Williamses. The IRS pretrial memorandum stated that the parties had settled the adjustments in the notice of deficiency that related to the Schedule C business-expense deductions, a statement which is consistent with what the parties said in the status report. The Williamses did not prepare a pretrial memorandum. When the case was tried on December 8, 2010, Bernard Williams asserted that the Williamses were entitled to Schedule C business-expense deductions for $59,719.92 of commission expenses, an amount in addition to the $6,790.[5]

The status report bars Bernard Williams from contending that the deductible Schedule C business expenses are greater than

---

[5]The $59,719.92 is one-half of the $119,439.84 that the parties agreed at trial was the gross receipts attributable to the Schedule C business.

$6,790.  Whether the statement in the status report is considered a settlement or a stipulation, Bernard Williams is precluded from repudiating it.  There is no evidence that it was based on fraud or mutual mistake.  See Dorchester Indus. v. Commissioner, 108 T.C. 320, 330 (1997) (quoting Manko v. Commissioner, T.C. Memo. 1995-10 ("'This Court has declined to set aside a settlement duly executed by the parties and filed with the Court in the absence of fraud or mutual mistake.'")), affd. without published opinion 208 F.3d 205 (3d Cir. 2000).  Allowing Bernard Williams to contend that the deductible Schedule C business expenses are greater than $6,790 would likely prejudice the IRS, which reasonably thought the issue had been resolved before trial.  See Rule 91(e), Tax Court Rules of Practice and Procedure (stipulations are binding, although the Court may permit a party to contradict a stipulation if justice so requires).

Even if Bernard Williams is not precluded from contending that the correct commission-expense deductions totaled $59,719.92, he has failed to show by a preponderance of the evidence that he incurred any commission expenses.  Although he testified that he paid commissions of $59,719.92, we disbelieve this testimony given the lack of documentary evidence and the lack of corroborating testimony.

2.  <u>The Williamses Are Liable for Additional Self-Employment Tax as a Result of Adjustments to the Income of the Schedule C Business</u>.

Section 1401 imposes a tax on self-employment income. Self-employment income is defined as the gross income derived from any trade or business activity, less deductions. Sec. 1402(a) and (b). As a result of the adjustments to the Schedule C gross receipts and expenses, the Williamses' self-employment income is greater than the amount reported on their return. Moreover, they are entitled to an income-tax deduction under section 164(f) equal to one-half of the additional self-employment tax.

3.  <u>The Williamses Are Liable for the Section 6662(a) Accuracy-Related Penalty</u>.

Sections 6662(a) and (b)(1) and (2) impose a penalty equal to 20 percent of the portion of any underpayment of tax that is attributable to (1) negligence or disregard of rules or regulations, or (2) any substantial understatement of income tax. The IRS has the burden of producing evidence of liability for the section 6662(a) penalty. See sec. 7491(c). Bernard Williams has the burden of proving that there is no liability for the penalty. See Rule 142(a), Tax Court Rules of Practice and Procedure.

We hold that the entire underpayment of the Williamses' 2006 income tax was attributable to negligence. Bernard Williams did not keep books or records of his Schedule C business, "Southeast Capital Mortgage Co." He admitted that the gross receipts and

the commission expenses that the Williamses reported on their Schedule C were merely guesses.

Whether the underpayment is also attributable to a substantial understatement of income tax will depend on the final computation of the Williamses' correct tax liability. An understatement of tax is the amount of tax required to be shown on a return, minus the amount actually shown, minus amounts attributable to tax-return positions for which there was substantial authority or a reasonable basis. See sec. 6662(d)(2)(A) (defining understatement) and (B) (understatement reduced for (1) positions for which there is substantial authority and (2) positions for which there is reasonable basis that are factually disclosed on the return). The Williamses reported an incorrect tax liability on their return. It has not been demonstrated that there was substantial authority or a reasonable basis for the underreporting. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001) (taxpayer has burden of proving exemption from penalty under substantial-authority provision or "similar provisions"; the IRS does not have burden of production). Thus, there was an understatement of income tax. An understatement is substantial if it exceeds $5,000 and 10 percent of the tax required to be shown on the return. See sec. 6662(d)(1)(A). The computation under Rule 155 of the Tax Court Rules of Practice and Procedure will determine the amount of the

Williamses' understatement.  If it is substantial, then their underpayment was attributable to a substantial understatement of income tax.

Bernard Williams has not shown that in filing the erroneous tax return the Williamses acted with reasonable cause or in good faith.  See sec. 6664(c)(1) (no penalty imposed if there was reasonable cause for tax return position and the taxpayer acted in good faith); Higbee v. Commissioner, supra at 446 (taxpayer has burden of proving reasonable cause and good faith; IRS does not have burden of production).  The Williamses are therefore liable for the section 6662(a) penalty.

To reflect the foregoing,

> Decision will be entered under Rule 155 with respect to Bernard Williams, and an appropriate order and decision will be entered with respect to Martha Williams.